ALBERT CASTRO, Individually and as an Executor of HARRY CASTRO, Deceased, et al., Plaintiffs, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Special Term, New York County, November 28, 1950.

*Geiger & Geiger* for plaintiffs.

*Leo D. Fitzgerald* for defendant.

EDER, J. Motion for judgment on the pleadings is granted. The action herein is brought by plaintiff Albert Castro, individually, and by plaintiffs as the executors of the estate of Harry Castro, deceased, for a declaratory judgment determining that the executors under the last will and testament of Harry Castro, deceased, have the right to change the beneficiary under the insurance policy issued by the defendant on the life of Albert Castro, son of said Harry Castro.

On or about May 26, 1947, the defendant, in consideration of a single premium payment of $25,000.33, issued a policy bearing No. 12,415,671 on the fifteen-year endowment plan, on the life of Albert Castro, with Harry Castro designated as the beneficiary.

Under the endowment provisions of the policy the net sum due at the maturity of the policy is payable monthly to the insured, and it is therein provided that in the event of the death of the insured before the maturity date, the proceeds thereunder due were to be paid in a single sum to said Harry Castro, if living, or if not then living, to the executors or administrators of the insured's father, Harry Castro.

The policy contains the further provisions as to the right to change the beneficiary and as to the right to assign the policy and with respect to all other rights, options and privileges therein more particularly described, indorsed on the policy and reading as follows: " Unless otherwise provided by endorsement on this policy by the Society, the right to change the beneficiary, the right to assign this policy, and all other rights, options and privileges under this policy not specifically conferred by the terms of this policy on the beneficiary or any other person, are vested in and may be exercised by the Insured, without the consent of the beneficiary or any other person referred to in this policy.''

This paragraph is a printed, standard clause.

The following paragraph appears immediately under the above-quoted printed clause, being typewritten in:

"*Endorsed on this policy on its date of issue:*

"*The right to change the beneficiary,* the right to assign this policy, and all other rights, options and privileges under this policy not specifically conferred by the terms of this policy on the Insured, the beneficiary or any other person, are *vested in the Insured's father,* Harry Castro, *his executors or administrators.* A person while thus vested with such rights, options and privileges, may, prior to the death of the Insured, exercise them without the consent of the Insured, the beneficiary or any other person referred to in this policy." (Emphasis supplied.)

Said Harry Castro died on or about January 29, 1949, leaving a last will and testament which was duly admitted for probate in the Surrogate's Court, Nassau County, and letters testamentary were issued to Albert Castro, Isaac Castro and Israel Levy, as executors of the estate of Harry Castro, deceased.

Prior to the institution of this action the said executors requested that the beneficiary of the policy be changed so as to provide that in the event of the insured's death before the maturity date, the beneficiary be the estate of the insured, Albert Castro, instead of the estate of Harry Castro, deceased, and to effectuate said change of beneficiaries, it is alleged, the executors delivered the said policy of insurance to the defendant together with a written request for the aforesaid change. The defendant refused this request.

The defendant's refusal was predicated upon the premise that the executors of the estate of Harry Castro have no power under the provisions of his will to change the beneficiary of the afore-mentioned policy.

The last will and testament of said Harry Castro, a copy of which is annexed to the amended complaint, in paragraph "Fifth" thereof, provides: "Fifth: I hereby appoint my brother, Isaac Castro, Israel Levy of 3115 Kings Highway, Brooklyn, New York, and my son Albert Castro, as Trustees under this my Last Will and Testament. I direct that my said Trustees shall be permitted to serve in said capacity whether in the State of New York or elsewhere, without being required to give any bond or other security for the faithful performance of their duties as such."

The defendant argues that at the time of his death said Harry Castro was the owner of the policy; that he, or, in the event of his prior death, his estate, was the beneficiary

designated to receive the death benefits in the event of the death of the insured prior to the maturity of the endowment; that said last will and testament makes no specific provision for the disposition of this estate asset, nor does the will grant to the executors the power to change the beneficiary of the policy. It is then argued that in view of the fact that no such power was given to the executors, it is defendant's position that a change of beneficiary should be permitted only with the consent and authorization of the Surrogate having jurisdiction of the probate proceedings, meaning the Surrogate of Nassau County.

As a second contention it is claimed by the defendant that the attempted change of beneficiary constitutes a transfer to one of the executors of an asset of the estate, which may constitute a voidable transfer and result in further litigation unless all interested parties consent.

For the mentioned reasons the defendant has declined to change the beneficiary of the policy, and submits its position is warranted and justified.

Plaintiffs maintain that the executors have the right to change the beneficiary of the policy and in this connection submit that the printed language of the policy gives to insured Albert Castro, the right to change the beneficiary upon the death of Harry Castro, if the executors may not do so under the typed-in clause. It is then argued that if the right to change the beneficiary was limited to Harry Castro, and did not include his executors, as defendant contends, then Albert Castro, the insured, should have the right to name a beneficiary; that, if Albert Castro cannot name a beneficiary for the next eleven years, until the maturity of the policy, the executors would have the possibility of dealing with the proceeds of the policy in the event of Albert Castro's death, which would be the absurd result if the defendant's position were sound.

I do not deem it necessary to pass upon these suggested theories of disposition, as advanced by either side, in reaching a determination here. Rather, it seems to me that the defendant must conform to and discharge the obligations placed upon it and assumed by it under the terms of the policy.

Though the will does not expressly confer upon the executors any specific powers of disposition, neither does it impose upon them any restrictions whatever. By operation of law title to the proceeds of the policy would revert to and vest in the executors. They have the implied power to dispose of the

assets of the estate and are accountable for any error or unauthorized act and may be surcharged therefor. That is a matter that may arise upon an accounting when a party directly interested in the estate as a beneficiary thereof may seek to effect a surcharge against the executors, if their action in consenting to a change of beneficiary was improper and had resulted in a loss to the estate and to those having a proper interest therein.

But I do not perceive that this is any of the defendant's concern or that defendant has any standing to refuse to change the beneficiary for the reasons suggested by it.

Its duties and obligations are confined to and measured by the terms and provisions of the policy. The grounds for refusing to comply with the request to change the beneficiary impress me as involving extraneous considerations and abstract questions, which would appear to be irrelevant here.

Under the policy " *the right to change the beneficiary* " was *vested in* Harry Castro " *his executors or administrators.*" This is their express right thereunder and it is their implied power of disposition under the will, there being no restriction as to their disposal of any asset of the estate. When the defendant has complied with the request of the executors to change the beneficiary of the policy to the estate of the insured, Albert Castro, the defendant will have performed its duty and discharged its obligation under the policy.

The premise upon which the defendant had declined to do so, as mentioned, in each instance (*supra*), is viewed as untenable, and the answer interposed constitutes no defense and is held to be legally insufficient, and declaration is hereby made that the executors under the last will and testament of Harry Castro, deceased, have the right to change the beneficiary under the insurance policy issued to Harry Castro on May 26, 1947. and in the form requested by them.

Settle order and judgment on notice.